CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

8/11/2026
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

|  |  |
|---|---|
| REGINA EPPARD, Administrator for the Estate of Tori Faith Eppard, Deceased, | CASE NO. 6:25-CV-00001 |
| *Plaintiff*, v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | JUDGE NORMAN K. MOON |
| *Defendant.* |  |

In this Federal Tort Claims Act ("FTCA") case, Plaintiff Regina Eppard alleges that an employee of the United States committed medical malpractice resulting in the death of her daughter, Tori Eppard.  Discovery is now complete, the dispositive motions deadline has passed, and trial is set to commence on September 28, 2026.  Ahead of trial, the Court must resolve two pending motions: the Government's motion to strike Ms. Eppard's advisory jury request, Dkt. 24, and Ms. Eppard's motion to exclude or limit the testimony of the Government's experts, Dkt. 26.  For the following reasons, the Government's motion to strike will be granted and Ms. Eppard's motion to exclude will be granted in part.

## I.    MOTION TO STRIKE PLAINTIFF'S JURY REQUEST

Ms. Eppard requests an advisory jury pursuant to Federal Rule of Civil Procedure 39.  Dkt. 1 at ¶ 94.  Although the FTCA requires claims to be "tried by the court without a jury," 28 U.S.C. § 2402, Rule 39 permits courts in their discretion to empanel advisory juries where they would be helpful.  Fed. R. Civ. P. 39(c)(1) ("In an action not triable of right by a jury, the court, on motion or on its own . . . may try any issue with an advisory jury."); *see also Cox v. Babcock & Wilcox Co.*, 471 F.2d 13, 14 (4th Cir. 1972).

Here, the FTCA requires the Court to independently find the facts and try the case irrespective of any advisory jury's verdict. *See* 28 U.S.C. § 2402; *Cox*, 471 F.2d at 14 ("The findings of such a jury are, of course, merely advisory; the Court must . . . make its own findings."). For this reason, other courts "have found the use of an advisory jury in FTCA cases to be problematic, . . . particularly in the event that the Court disagrees with the advisory jury's findings." *Coffland v. United States*, 57 F.R.D. 209, 210 (N.D. W. Va. 1972); *see also In re Air Crash Disaster at Metro. Airport, Detroit, Mich. on Jan. 19, 1979*, 619 F. Supp. 13, 17 (E.D. Mich. 1984) ("[T]he use of advisory juries in FTCA cases creates more problems than it solves."). Accordingly, the Court will try this matter without an advisory jury and will grant the Government's motion to strike.

## II.    MOTION TO EXCLUDE

Ms. Eppard separately moves to exclude or limit the testimony of proffered Government experts Dr. Cynthia L. Allen, Dr. Celeste R. Caulder, and Dr. John C. Schaefer.  Dkt. 26.  Dr. Allen's proffered opinion goes to the standard of care in this medical malpractice case, and Dr. Caulder's and Dr. Schaefer's proffered opinions go to causation.

As an initial matter, the parties disagree about what qualification standard applies.  Ms. Eppard argues that Virginia law provides the threshold standard for expert qualification, whereas the Government argues that expert qualification is governed exclusively by the Federal Rules of Evidence.  The Court agrees with Eppard.

Ordinarily, federal procedural rules govern even when state substantive law applies.  *See Pledger v. Lynch*, 5 F.4th 511, 518 (4th Cir. 2021).  An exception to that rule is found in Federal Rule of Evidence 601, which provides that "state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 601; *Moreno*

*v. Bosholm*, 151 F.4th 543, 567 (4th Cir. 2025) ("FRE 601 directs that federal courts apply . . .

state competency rule[s] to state claims pursued in federal court.").[1]  As state law supplies the rule

of decision in FTCA actions, *see Littlepaige v. United States*, 528 F. App'x 289, 292 (4th Cir.

2013),[2] state law also governs whether a witness is competent to testify.  *See* Fed. R. Evid. 601.[3]

Turning to state law, Virginia Code § 8.01-581.20 governs who may "qualify as an expert

on the standard of care in a medical malpractice action."  *Tripiciano v. Hale*, 2014 WL 1653073,

at *2-3 (W.D. Va. Apr. 23, 2014).  Specifically, § 8.01-581.20 provides:

> A witness shall be qualified to testify as an expert on the standard of
> care if he demonstrates expert knowledge of the standards of the
> defendant's specialty and of what conduct conforms or fails to
> conform to those standards and if he has had active clinical practice
> in either the defendant's specialty or a related field of medicine
> within one year of the date of the alleged act or omission forming
> the basis of the action.

This  provision  establishes  a  "knowledge  requirement"  and  an  "active  clinical  practice

requirement" for witnesses, and "[b]oth requirements . . . must be satisfied before an expert may

testify regarding the standard of care."  *Hinkley v. Koehler*, 269 Va. 82, 88 (2005)*.*  Similarly,

Virginia common law also limits who may provide expert testimony on causation; namely, "only

---

[1]     *See also id.* at 557 ("Every circuit court of appeals to have considered this issue has relied
on the second sentence of FRE 601 to apply state rules governing who can provide expert witness
testimony about the standard of care applicable in a state medical malpractice action when such
claims are brought in federal court.") (citing *Coleman v. United States*, 912 F.3d 824, 829–34 (5th
Cir. 2019); *Liebsack v. United States*, 731 F.3d 850, 855–57 (9th Cir. 2013); *McDowell v. Brown*,
392 F.3d 1283, 1294–97 (11th Cir. 2004); *Legg v. Chopra*, 286 F.3d 286, 289–92 (6th Cir. 2002)).

[2]     28 U.S.C. § 1346(b)(1) provides that the United States may be liable for the negligent act
of an employee "under circumstances where the United States, if a private person, would be liable
to the claimant *in accordance with the law of the place where the act or omission occurred*."
(Emphasis added).  Therefore, Virginia law applies to Plaintiff's FTCA claim.  *See Kerns v. United
States*, 585 F.3d 187, 194 (4th Cir. 2009); *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009).

[3]     *See also Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 107 n.1 (4th Cir. 1995) ("It is
generally true that the Federal Rules of Evidence require a district court sitting in diversity to defer
to applicable state rules on . . . competency.").

a physician can offer expert testimony on causation under Virginia law." *Lapp v. United States*, 706 F. Supp. 3d 568, 578 (E.D. Va. Dec. 13, 2023) (citing *John v. Im*, 263 Va. 315 (2002)). The Court will apply these Virginia requirements to determine whether the Government's experts on standard of care and causation should be excluded.

### A. **Dr. Allen**

The Government offers Dr. Cynthia L. Allen's testimony, at least in part, to discuss the standard of care applicable to this case. *See* Dkt. 30 at 10.[4]  Ms. Eppard argues that Dr. Allen fails to meet the active clinical practice requirement enumerated above. *See* Dkt. 27 at 9.[5]  The Court agrees.

A witness meets the active clinical practice requirement if the witness "had an active clinical practice in either the defendant's specialty or a related field of medicine within one year of the date of the alleged act or omission forming the basis of the action." Va. Code § 8.01-581.20. "The purpose of the requirement . . . is to prevent testimony by an individual who has not recently engaged in the actual performance of the procedures at issue in a case." *Sami v. Varn*, 260 Va. 280, 285 (2000).  The relevant inquiry is whether, within the statutory window, the witness practiced "the relevant medical procedure at issue," reviewed "in the context of the actions by which the defendant is alleged to have deviated from the standard of care." *Creekmore*, 662 F.3d 686, 691 (4th Cir. 2011).

Dr. Allen is a clinical professor of nursing at George Washington University and has been a board-certified nurse practitioner for thirty-one years. *See* Dkt. 30 at 1.  Although she has

---

[4]    Dr. Allen is the Government's only expert seeking to testify to the standard of care. *See* Dkt. 27 at 10 n.1.

[5]    The Court need not reach the knowledge requirement as Eppard has not presented that argument.

previously practiced as a clinical nurse practitioner, and testified that she would like to practice in that capacity again, she has not seen a patient in a clinical setting since 2017. *See* Dkt. 27-2, Allen Dep. at 26:4-10. Instead, in her current role as a clinical professor, Dr. Allen supervises nursing students, most directly by offering feedback on notes taken by the students reflecting the students' visits to patients. *See* Dkt. 30 at 9.

Although Dr. Allen appears by all lights to be an experienced professional, she does not meet the active clinical practice requirement for this case. The relevant medical procedure is the "patient exam and differential diagnosis" provided to Tori Eppard on July 21, 2023, and to qualify as a standard of care expert, Dr. Allen would need to have "engaged in the actual performance of" such an exam and diagnosis within one year of that date. *Sami*, 260 Va. at 285. Dr. Allen's testimony that she has not seen a patient within a clinical setting since 2017 forecloses any argument that she meets the active clinical practice requirement.

This outcome is confirmed by the Supreme Court of Virginia's *Hinkley* decision. In that case, the court made clear that where the alleged negligence derives from "direct patient care", a witness who does not provide direct care—even one who teaches others who do provide direct care—is not qualified to testify to the standard of care. *See Hinkley v. Koehler*, 269 Va. 82, 90 (2005). Specifically, the court considered whether an OB/GYN with thirty-three years of experience who was no longer seeing patients, but was serving as a clinical professor of obstetrics, satisfied the active clinical practice requirement. The court concluded that the proffered expert was "a teacher and consultant," "had not . . . provided direct patient care," and was therefore not qualified to testify. *Id.*

*Hinkley* compels the same finding for Dr. Allen. Notwithstanding her many years of experience, she does not provide direct patient care in her current role. *See* Allen Dep. at 32:4-12.

Rather, Dr. Allen's students provide direct care to patients, and Dr. Allen reviews notes that her students take on "their interactions" with patients, "their evaluations," "their plan of care," and the like. *Id*. at 31:3-6. Importantly, Dr. Allen does not make "decisions for" patient care, *cf. Hinkley* at 90; Dr. Allen's involvement in a patient's treatment "begins after the [patient] visit has concluded," "and after the decision-making has been written down for [her] to review," Allen Dep. at 31:7-11, at which point she provides "student advice" and "mentorship." *Id.* at 32:23-24.

Because the Court is bound by the Supreme Court of Virginia's construction of Virginia law and because Dr. Allen "did not directly care for, provide treatment or management to, or make . . . decisions for" any patients during the relevant period, Dr. Allen does not meet Virginia law's requirements to testify to the standard of care in this case. *Hinkley*, 269 Va. 82, 90-91 (2005). Her testimony will therefore be excluded.

### B. **Dr. Caulder**

The Government proffers Dr. Celeste R. Caulder, a pharmacologist, to testify to causation. *See* Dkt. 30 at 13-14. Under Virginia law, "only a physician can offer expert testimony on causation." *Lapp v. United States*, 706 F. Supp. 3d 568, 578 (E.D. Va. Dec. 13, 2023); *see also, e.g., John v. Im*, 263 Va. 315, 321 (2002).[6] Although Dr. Caulder participates in patient care as part of an interdisciplinary team, she is not licensed to practice medicine. *See* Dkt. 27 at 21; Dkt.

---

[6] Originally established in *Combs v. Norfolk & Western Railway Co.*, 256 Va. 490, 496 (1998), the rule limiting causation testimony to medical doctors has since been reaffirmed several times. *See Fitzgerald v. Commonwealth*, 273 Va. 596, 602 (2007); *Norfolk & Western Ry. Co. v. Keeling*, 265 Va. 228, 235 (2003); *John v. Im*, 263 Va. 315, 321 (2002). Though the Supreme Court of Virginia has subsequently expanded the category of witnesses who may testify regarding causation of non-physical injuries, "[i]t is settled law in Virginia 'that only a medical doctor [is qualified to] testify as to the causation of a human physical injury.'" *Clancy v. Pearman*, 2026 WL 1073369, at *8 (Ct. App. Va. Apr. 21, 2026) (quoting *Fitzgerald*, 273 Va. at 602 (affirming trial court's decision to allow a licensed professional counselor to render an expert opinion on an individual's mental injuries)).

27-4, Caulder Dep., at 10:21-23. Dr. Caulder does not independently order treatment or prescribe medications herself, *see* Caulder Dep. at 17:10-18:6, nor does she perform diagnostic examinations or offer differential diagnoses. *See id.* at 18:7-21. Rather, Dr. Caulder's role in patient care is typically to provide recommendations on pharmacotherapy treatment to the direct provider. *See id.* at 16:7-17:1. Because Dr. Allen is not a physician, Virginia law prevents her from testifying to causation as an expert witness in this matter. Her testimony will therefore be excluded.

### C. <u>Dr. Schaefer</u>

Defendant also proffers Dr. John C. Schaefer to testify to causation. Dr. Schaefer is a licensed physician, and so he satisfies Virginia's requirement to testify to causation. But that does not end the inquiry. In addition to satisfying Virginia's competency requirements, Dr. Schaefer must also be qualified to provide expert testimony in federal court. *See Moreno*, 151 F.4th at 568. Therefore, his opinions must still be evaluated under Federal Rule of Evidence 702. *Id.*

Under Rule 702, expert witness must have "scientific, technical, or other specialized knowledge that will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Such testimony is only admissible if (1) "the testimony is based upon sufficient facts or data," (2) "the testimony is the product of reliable principles and methods," and (3) "the expert has reliably applied the principles and methods to the facts of the case." *Id.* Implicit in Rule 702 is a district court's gatekeeping responsibility "to 'ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Nease v. Ford Motor Co.*, 848 F.3d 219, 229 (4th Cir. 2017) (quoting *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 597 (1993)). If the expert meets this threshold, criticisms of his or her testimony will go to its weight, not its admissibility. *See Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 195–96 (4th Cir. 2017).

The Court finds that Dr. Schaefer has the requisite specialized knowledge to offer his

opinion.  Dr. Schaefer has practiced medicine for over fifty years.  *See* Dkt. 30-6, Schaefer Report, at 1.  Over the course of five decades, he has been board-certified in internal medicine and infectious diseases, *see id.* at 2, and specifically relevant to this case, he has encountered several cases involving the same disseminated intravascular coagulation condition that afflicted Tori Eppard.  *Id.*  Dr. Schaefer is well qualified to offer an expert opinion addressing the evidence in this case.

Dr. Schaefer's opinion is also based on sufficient facts or data.  Fed. R. Evid. 702(b).  His written report lists the substantial evidence he reviewed in reaching his opinion, including records from:  (1) the medical facility at which the alleged negligence occurred; (2) the medical facility where Tori Eppard was pronounced dead; and (3) the EMS service that transported Tori Eppard on the day she died.  *See* Schaefer Report at 2.  He also considered the deposition transcripts of the medical professional alleged to be negligent and Ms. Eppard, and five expert reports prepared by witnesses for Ms. Eppard.  *Id.*  Although Ms. Eppard raises additional photographic evidence that she argues Dr. Schaefer did not review, because Dr. Schaefer has reviewed sufficient facts or data to come to his opinion, any additional information that may affect the validity of that opinion goes to the weight of the opinion, not its admissibility.

Finally, Dr. Schaefer's opinions are "the product of reliable principles and methods" and reflect "a reliable application of" those principles and methods to the facts of the case.  Fed. R. Evid. 702(c)-(d).  Here Dr. Schaefer relies on his more than half-century of experience in applying his knowledge to the facts of this case.  As an "experiential expert," Dr. Schaefer is required to "'explain how [his] experience leads to the conclusion reached, why [his] experience is a sufficient basis for the opinion, and how [his] experience is reliably applied to the facts.'"  *United States v. Wilson*, 484 F.3d 267, 274 (4th Cir. 2007) (quoting Fed. R. Evid. 702 advisory committee's notes).

Dr. Schaefer adequately did so. *See, e.g.,* Dkt. 27-3 ("Schaefer Dep.") at 35:18-36:5 (explaining conclusions about Tori Eppard's heart condition based on the appearance of her skin and Dr. Schaefer's experience with infectious diseases); *id.* at 37:1-7 (explaining conclusions about liver and kidneys based on elevated enzymes). The Court accordingly finds that Dr. Schaefer's testimony satisfies the requirements of Rule 702, and will deny Plaintiff's motion to exclude him as a witness.

CONCLUSION

For the foregoing reasons, the Court will grant the Government's motion to strike, Dkt. 24, and grant in part and deny in part Ms. Eppard's motion to exclude, Dkt. 26. Ms. Eppard's request for leave to file a motion for summary judgment is denied without prejudice.[7] A separate order will issue.

The Clerk of Court is directed to send a copy of this memorandum opinion to all counsel of record.

It is **SO ORDERED**.

Entered this 11th day of August, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] Because this will be a bench trial that is scheduled to commence in less than two months, it will be more efficient for the Court to simply consider all of the parties' evidence and arguments at once. Moreover, just because the Government may not be able to offer an expert on the standard of care does not necessarily mean that Ms. Eppard has proven that the Government's employee ran afoul of the standard of care. The burden of proof and persuasion remains with Plaintiff as to every element of her claim, including damages. *See Aeronca, Inc. v. Style–Crafters, Inc.*, 546 F.2d 1094, 1096 (4th Cir.1976).